1 | ORRICK, HERRINGTON & SUTCLIFFE LLP
Aravind Swaminathan (*pro hac vice*)
2 | aswaminathan@orrick.com
401 Union Street, Suite 3300
3 | Seattle, WA 98101
Telephone: (206) 639-9157
4
David P. Fuad (SBN 265193)
5 | dfuad@orrick.com
Thomas Fu (SBN 325209)
6 | tfu@orrick.com
355 S. Grand Ave., Suite 2700
7 | Los Angeles, CA 90017
Telephone: (213) 629-2020
8
*Attorneys for Defendant*
9 | IXL LEARNING, INC.

10

11 | UNITED STATES DISTRICT COURT

12 | NORTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| GRETCHEN SHANAHAN, on behalf of herself and her minor children A.S. and B.S., AMY WARREN, on behalf of herself and her minor child B.W., and KIMBERLEY WHITMAN, on behalf of herself and her minor child H.W., individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>IXL LEARNING, INC.,<br><br>                    Defendant. | Case No. 3:24-cv-02724-RFL<br><br>**DEFENDANT IXL LEARNING, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>(Civil L.R. 7-5)<br><br>Date: October 22, 2024<br>Time: 10:00 a.m.<br>Court: Room 15, 18th Floor<br>Judge: Hon. Rita F. Lin |

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE** Defendant IXL Learning, Inc. ("Defendant" or "IXL")

3    requests that this Court take judicial notice, pursuant to Federal Rule of Evidence 201, of

4    Plaintiffs' requests to access IXL's data. Defendant makes this request in support of its Motion to

5    Dismiss Plaintiffs' Complaint ("Mot."). A true and correct copy of the documents for which

6    judicial notice is requested is attached to the Declaration of Alex Smetana, filed concurrently

7    herewith.

8    **INTRODUCTION**

9      IXL respectfully requests that this Court take judicial notice of the Plaintiffs' student data

10   requests to IXL, which are incorporated into Plaintiffs' complaint by reference. True and correct

11   copies of these documents are attached to the Declaration of Alex Smetana, filed concurrently

12   herewith ("Smetana Decl.").

13   **ARGUMENT**

14     On a motion to dismiss, a court "must consider the complaint in its entirety, as well

15   as…documents incorporated into the complaint by reference, and matters of which a court may

16   take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 14 U.S. 308, 322 (2007).

17   Documents may be incorporated by reference "if the plaintiff refers extensively to the document

18   or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*,

19   899 F.3d 988, 1002 (9th Cir. 2018) (quoting *U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)).

20   "The purpose of the doctrine is to prevent plaintiffs from selecting only portions of documents

21   that support their claims, while omitting portions of those very documents that weaken – or

22   doom – their claims." *Smith v. NetApp, Inc.*, No. 19-CV-04801-JST, 2021 WL 1233354, at *2

23   (N.D. Cal. Feb. 1, 2021) (citations and quotations omitted).

24     In their Class Action Complaint (ECF No. 1) ("Complaint" or "Compl."), Plaintiffs

25   discuss the student data requests that they submitted to IXL. Specifically, in support of their

26   allegations that they did not consent to IXL's data collection practices, Plaintiffs allege that when

27   they "requested access to the data IXL collected from them," "IXL denied Plaintiffs access to,

28   review of, and control over their data." Compl. ¶ 244. They allege that "IXL harmed Plaintiffs by

2

DEFENDANT IXL LEARNING, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS'
COMPLAINT – CASE NO. 3:24-CV-02724-RFL

1  denying them access to [and control over] their own data." *Id*. ¶¶ 252-53.

2  Plaintiffs' allegations about their student data requests to IXL form the basis of several of
3  their claims and therefore their data requests are properly incorporated by reference in the
4  Complaint. Plaintiffs bring several causes of action that require them to establish a lack of
5  consent. *See* 18 U.S.C.A. § 2511(3)(b)(ii) (no liability under the Federal Wiretap Act for
6  communications divulged "with the lawful consent of the originator"); Cal. Penal Code § 631(a)
7  (CIPA prohibits wiretapping "without consent of all parties to the communication"); Cal. Penal
8  Code § 502(c)(2) (CDAFA requires showing that a defendant acted "without permission"); *Smith
9  v. Facebook, Inc.*, 262 F. Supp. 3d 943, 955–56 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir.
10 2018) ("Plaintiffs' consent ... bars their common-law tort claims [for intrusion upon seclusion]
11 and their claim for invasion of privacy"). And it is axiomatic that Plaintiffs must allege that they
12 were harmed by IXL's purported conduct to have standing to bring any of their claims. *See
13 Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) ("plaintiff must have suffered an 'injury in
14 fact'" that is traceable to "the challenged action of the defendant") (citations omitted).

15 Plaintiffs should not be able to refer to these student data requests while omitting context
16 from "those very documents that weaken – or doom – their claims." *NetApp,* 2021 WL 1233354,
17 at *2. These documents help reveal that IXL obtained valid consent from Plaintiffs' schools on
18 behalf of the Plaintiffs, as authorized under the Children's Online Privacy Protection Act
19 ("COPPA"), 15 U.S.C. §§ 6501, *et seq.*; 16 CFR part 312, which applies to children "under the
20 age of 13." 15 U.S.C. § 6501(1). Specifically, the student data requests include Plaintiffs'
21 children's ages. *See* Smetana Decl. ¶ 3. Plaintiffs bring claims under the UCL, which contains a
22 four-year statute of limitations. Cal. Bus. & Prof. Code § 17208. And they allege that at "all
23 relevant times," Plaintiffs' children have "attend[ed] school" in their respective school districts
24 and "access[ed] and use[d] IXL products and services" as "part of [their] public schooling." *See*
25 Compl. ¶¶ 6-12. Accordingly, taking Plaintiffs' allegations as true, when they began using IXL's
26 services, their student data requests show that their children were under 13-years-old, and
27 COPPA's consent scheme applied.

28

3

| | | |
|---|---|---|
| 1 | Dated: August 15, 2024 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 2 | | |
| 3 | | /s/ *David P. Fuad* |
| 4 | | Aravind Swaminathan (*pro hac vice*)<br>aswaminathan@orrick.com<br>401 Union Street, Suite 3300 |
| 5 | | Seattle, WA 98101<br>Telephone: (206) 639-9157 |
| 6 | | |
| 7 | | David P. Fuad (SBN 265193)<br>dfuad@orrick.com<br>Thomas Fu (SBN 325209) |
| 8 | | tfu@orrick.com<br>355 S. Grand Ave., Suite 2700 |
| 9 | | Los Angeles, CA 90017<br>Telephone: (213) 629-2020 |
| 10 | | |
| 11 | | *Attorneys for Defendant IXL Learning, Inc.* |

4