UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRETCHEN SHANAHAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>IXL LEARNING, INC.,<br><br>    Defendant. | Case No. 24-cv-02724-RFL<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. Nos. 19, 24 |

    The Court requests that the parties be prepared to address the following questions at the hearing on IXL's Motion to Compel Arbitration and Motion to Dismiss, set for October 22, 2024, at 10:00 a.m., in Courtroom 15 at the San Francisco Courthouse.

1. IXL argues for the first time its reply brief that, under common law agency principles, the parent Plaintiffs impliedly authorized the school districts to enter into arbitration agreements on their behalf because it is "necessary, usual, and proper" for the school districts to agree to such terms as part of providing educational services (which parents have actually authorized the school district to do). (Dkt. No. 32 at 4.) Why is this argument not waived?

2. Assuming this argument is not waived, why is the school district's ability to agree to arbitrate or to surrender jury trial rights on behalf of students and parents a "necessary" component of providing educational services? What is Plaintiffs' response to this argument?

3. IXL also argues for the first time on reply that it should be entitled to discovery about what is "usual and necessary" for schools to be able to provide students with educational technology. Why would IXL need discovery to obtain information about

1

      the educational technology market in which it operates? What is Plaintiffs' response to IXL's request for discovery?

4. IXL contends that Plaintiffs ratified the arbitration agreement by allowing their children to continue to use IXL products at school. Given that public education is mandatory, how can continued enrollment of a child in a public school using IXL as part of its curriculum be deemed to be voluntary acceptance of a benefit?

5. In the event that the Court denies the motion to compel arbitration, should the Court withhold ruling on the motion to dismiss to allow to IXL to seek an immediate appeal of the order on the motion to compel arbitration?

    At the hearing, each side will address each question in the sequence stated above, and then at the end, the parties will have additional time to present any additional argument that they wish the Court to hear. The parties **shall not** file written responses to this Notice of Questions.

    **IT IS SO ORDERED.**

Dated: October 17, 2024

                                  RITA F. LIN
                                  United States District Judge