UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRETCHEN SHANAHAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>IXL LEARNING, INC.,<br><br>    Defendant. | Case No. 24-cv-02724-RFL<br><br>**ORDER DENYING MOTION TO CERTIFY AS FRIVOLOUS THE INTERLOCUTORY APPEAL OF IXL LEARNING, INC.**<br><br>Re: Dkt. No. 48 |

On November 1, 2024, the Court denied Defendant IXL Learning, Inc.'s ("IXL") Motion to Compel Arbitration, which IXL appealed. (*See* Dkt. Nos. 41, 42.) On December 12, 2024, Plaintiffs filed the present Motion to Certify as Frivolous the Interlocutory Appeal of IXL. (Dkt. No. 48.) For the reasons explained below, the Motion is **DENIED**.

The standard for certifying an appeal as frivolous requires that the appeal "be so baseless that [] nothing can be said on the other side." *Dagdagan v. City of Vallejo*, 682 F. Supp. 2d 1100, 1116 (E.D. Cal. 2010), *aff'd sub nom. Dagdagan v. Wentz*, 428 F. App'x 683 (9th Cir. 2011) (citations omitted). A court may also consider the circumstances surrounding an appeal in determining whether it is pursued for dilatory purposes. *See United States v. Dunbar*, 611 F.2d 985, 988 (5th Cir. 1980) (en banc).

The Court declines to exercise its discretion to certify IXL's appeal as frivolous. In its Opposition (Dkt. No. 51), IXL argues that arbitration is warranted because (1) Plaintiffs fail to meet their burden of affirmatively showing that their ongoing use of the IXL platform was involuntary and (2) COPPA gives school districts the express authority to consent to data collection on behalf of parents, which in turn gives them the implied authority to also consent to arbitration on parents' behalf. While the Court did not find these arguments to be meritorious for

1

the reasons stated in its Order (Dkt. No. 41), they are not "wholly without merit" and thus do not meet the certification standard.  *Microsoft Corp. v. Commonwealth Sci. & Indus. Rsch. Org.*, No. C 05-01894 MJJ, 2005 WL 8165886, at *2 (N.D. Cal. Nov. 11, 2005).  Nor have Plaintiffs adequately shown, based on the circumstances, that IXL is pursuing the appeal for purely dilatory purposes.

**IT IS SO ORDERED.**

Dated: February 19, 2025

RITA F. LIN
United States District Judge

2