Roberto Anguizola (IL Bar No. 6270874)
James Evans (VA Bar No. 83866)
Federal Trade Commission
600 Pennsylvania Ave., NW, Mailstop GAO-5K21/1144
Washington, DC 20580
(202) 326-3284 / ranguizola@ftc.gov
(202) 326-2026 / james.evans@ftc.gov

Attorneys for Amicus Curiae
Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **Gretchen Shanahan**, on behalf of herself and her minor children A.S. and B.S., **Amy Warren**, on behalf of herself and her minor child B.W., and **Kimberly Whitman**, on behalf of herself and her minor child H.W., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**IXL Learning, Inc.**,<br><br>Defendant. | No. 3:24-cv-02724-RFL<br><br>**Unopposed Administrative Motion of the Federal Trade Commission to Terminate Its Appearance as Amicus Curiae and for Its Attorneys to Withdraw** |

Pursuant to Civil Local Rules 7-11 and 11-5, the Federal Trade Commission ("FTC" or "Commission"), a non-party, moves for an order directing the Clerk to terminate its appearance as amicus curiae in this action and relieving its attorneys of further need to maintain their appearances for the Commission. In support of the Motion, the Commission states:

1. On August 19, 2024, the Commission moved for leave to file a brief as amicus curiae in this action (Docket No. 26), which the Court granted on September 6, 2024 (Docket No. 30). The Commission filed its brief the same day (Docket No. 31).

2. The Commission's brief asserted the Commission's strong interest in the proper construction and application of the Children's Online Privacy Protection Act ("COPPA"). The Commission explained why nothing in COPPA or its implementing rule supports the notion that

parents and their children should be bound by every provision contained in a contract between an operator like IXL and a school district.

3. In its Order Denying Motion to Compel Arbitration and Denying Motion to Dismiss Without Prejudice, the Court ruled consistent with the Commission's view. *Shanahan v. IXL Learning, Inc.*, No. 24-cv-2724-RFL, 2024 WL 4658276, at *2–4 (N.D. Cal. Nov. 1, 2024).

4. On appeal, the Ninth Circuit also ruled consistent with the Commission's view. *Shanahan v. IXL Learning, Inc.*, No. 24-6985, 2026 WL 982855, at *2–3 (9th Cir. Apr. 13, 2026).

5. In light of these rulings, the Commission's interest in this matter, as explained in its motion (Docket No. 26) and brief (Docket No. 31), has been resolved, and its continued participation as amicus curiae in this matter is no longer necessary. And if the Commission's appearance in this matter is terminated, its attorneys' appearances on its behalf can be withdrawn.

6. Pursuant to Civil Local Rule 11-5(a), notice has been given to all parties who have appeared in the case. No party opposes the Commission's request. *See* Evans Dec. ¶ 5 (attached).

7. Accordingly, the Commission respectfully requests that the Court: (1) direct the Clerk to indicate on the docket that the Commission's appearance as amicus curiae in this action is terminated, and (2) relieve its attorneys pursuant to Civil Local Rule 11-5(a).

Respectfully submitted,

Dated: June 10, 2026

/s/ James Evans

**Roberto Anguizola**, IL Bar No. 6270874
**James Evans**, VA Bar No. 83866
Federal Trade Commission
600 Pennsylvania Ave., NW, GAO-5K21/1144
Washington, DC 20580
(202) 326-3284 / ranguizola@ftc.gov
(202) 326-2026 / james.evans@ftc.gov

**Attorneys for Amicus Curiae**
**Federal Trade Commission**