Roberto Anguizola (IL Bar No. 6270874)
James Evans (VA Bar No. 83866)
Federal Trade Commission
600 Pennsylvania Ave., NW, Mailstop GAO-5K21/1144
Washington, DC 20580
(202) 326-3284 / ranguizola@ftc.gov
(202) 326-2026 / james.evans@ftc.gov

Attorneys for Amicus Curiae
Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **Gretchen Shanahan**, on behalf of herself and her minor children A.S. and B.S., **Amy Warren**, on behalf of herself and her minor child B.W., and **Kimberly Whitman**, on behalf of herself and her minor child H.W., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**IXL Learning, Inc.**,<br><br>Defendant. | No. 3:24-cv-02724-RFL<br><br>**Declaration of James Evans Pursuant to Local Rule 7-11 in Support of the Unopposed Administrative Motion of the Federal Trade Commission to Terminate Its Appearance as Amicus Curiae and for Its Attorneys to Withdraw** |

I, James Evans, have personal knowledge of the facts and matters set forth below. If called as a witness, I could and would testify as follows:

1. I am one of the attorneys representing the Federal Trade Commission ("FTC") as amicus curiae in *Shanahan v. IXL Learning, Inc.*, No. 3:24-cv-02724-REL, pending before the United States District Court for the Northern District of California.

2. I am over twenty-one years old and am a citizen of the United States. I am a member in good standing of the Virginia State Bar (Bar No. 83866), and am admitted to practice before the United States District Court for the Eastern District of Virginia. I represent the FTC in the United States District Court for the Northern District of California pursuant to Local Rule 11-2. My business address is 600 Pennsylvania Avenue, NW, Mailstop GAO-5K21/1144, Washington, DC 20580.

3. Pursuant to Civil Local Rules 7-11 and 11-5, the FTC, a non-party, has moved administratively for an order directing the Clerk to terminate its appearance as amicus curiae in this action and relieving its attorneys of further need to maintain their appearances for the Commission.

4. Local Rule 7-11 requires that administrative motions "must be accompanied by a proposed order and by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." Local Rule 7-12 governs stipulations "signed by all affected parties or their counsel." It is not clear that plaintiffs and defendant are "affected" by the withdrawal of the appearance of the FTC, a non-party to this action, the interest of which in this action has been resolved. *See* Mot. ¶¶ 2–5. Thus, it is not clear whether a stipulation would be appropriate in this instance, and the FTC provides this Declaration instead in satisfaction of the Rule.

5. Nonetheless, the FTC did confirm that neither plaintiffs nor defendant oppose the relief requested by the FTC in its administrative motion, via email messages from Ryan Joseph McGee, counsel for plaintiffs, and David Fuad, counsel for defendant, dated June 9, 2026.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: June 10, 2026
Washington, DC

James Evans